UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHRISTINE EMRICH,                                        No. 09-12038

                Debtor(s).
_____/

Memorandum on Motion for Relief from Stay
_____

     Debtor Christine Emrich filed her Chapter 13 petition on July 1, 2009. She scheduled her real property at 417 C St, Petaluma, California, as having a value of $515,000.00 and being owned by her free and clear. Creditor Onewest Bank has filed a motion for relief from the automatic stay, alleging that it holds a first deed of trust on the property, that it is owed over $659,000.00 by Emrich, and that she has not made any of the payments which have come due since the filing.

     Emrich has filed a written objection which does not assert that she has been making payments. Instead, relying on a Central District bankruptcy court case, she argues that the court should not grant the motion because Onewest has not proved it has a valid note and deed of trust to her property.

     The court is aware of the case Emrich cites and does not find it to be consistent with the law of this circuit.[1] It is not appropriate for the court to decide the rights of either party in a stay relief

---

[1] This is even assuming that the case, *In re Kang Jin Hwang*, 396 B.R. 757 (Bkrtcy.C.D.Cal 2008), applies here at all. The moving party in that case was Creditor Mortgage Electronic Registration Systems, Inc., which presented different issues from those which arise when a creditor seeks relief in its own name. In any event, this court has declined to follow *Hwang* even when the movant is MERS. *In re Gramajo,* 2009 WL 2824786.

1

motion. Rule 7001 of the Federal Rules of Bankruptcy Procedure requires an adversary proceeding to determine rights in property or obtain declaratory relief. Relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization; the validity of underlying claims is not litigated. *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985), cert. denied, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). Stay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir.1994); *In re Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004).

For the foregoing reasons, the court will grant the motion if Emrich has not become current in her postpetition payments within 30 days. The order will make it clear that the court is not adjudicating whether Onewest has the right to foreclose, but merely allowing that right, to the extent it exists under non-bankruptcy law, to be exercised. The debtor shall retain all rights to injunctive relief and damages for slander of title if she can show that Onewest is acting unlawfully; those are issues for an adversary proceeding or a lawsuit in another forum, not a stay relief motion.

Counsel for Onewest shall submit an appropriate form of order.

Dated: November 12, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

2

| | CERTIFICATE OF MAILING |
|---|---|
| 1 | |

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: Nov 12, 2009

/s/ Dawn Passalacqua
Dawn Passalacqua
Deputy Clerk

Christine Emrich
1610 Shenandoah Court
Petaluma, CA 94954

3